This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 27,978**

**ARMANDO ONTIVEROS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**David P. Reeb, Jr., District Judge**

Gary K. King, Attorney General
Farhan Khan, Assistant Attorney General
Santa Fe, New Mexico

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

On October 2, 2009, we stayed issuing a decision in this case because it

appeared that one of the issues raised by Defendant might be affected by the United States Supreme Court opinion in *Melendez-Diaz v. Massachusetts*, ___ U.S. ___, 129 S.Ct. 2527 (2009), and because the *Melendez-Diaz* issue was before our Supreme Court in *State v. Bullcoming*, 2010-NMSC-007, ___ N.M. ___, ___ P.3d ___ (No. 31,186, Feb. 12, 2010). On February 12, 2010, our Supreme Court filed its opinion in *Bullcoming* and its companion case, *State v. Aragon*, 2010-NMSC-008, ___ N.M. ___, ___ P.3d ___ (No. 31,187, Feb. 12, 2010). The stay issued in this case is lifted, we conclude that Issue V raised by Defendant is in all material respects governed by *Aragon*, and we reverse.

**BACKGROUND**

Defendant was convicted of one count of distribution of a controlled substance (methamphetamine) contrary to NMSA 1978, Section 30-31-22 (2005) (amended 2006). Proof that the substance transferred by Defendant was methamphetamine was contained in a report generated by the New Mexico Department of Public Safety Northern Forensic Laboratory. The State used Mr. James Mitkiff, a forensic scientist employed by the laboratory, to establish a foundation for admission of the report into evidence. However, Mr. Mitkiff testified that he neither analyzed nor reviewed the original analyst's testing of the substance. He was only able to testify as to standard laboratory procedures and that the report would have conformed to those procedures.

The district court admitted the report over Defendant's objection that he would be unable to cross-examine the preparing analyst and that the report was inadmissible hearsay. Defendant argues that the district court erred in admitting the laboratory report. We agree.

**ANALYSIS**

In *Aragon*, the New Mexico Supreme Court reconsidered whether admitting a chemical forensic report into evidence without testimony from the analyst who prepared the report implicates the right to confrontation under the Sixth Amendment to the United States Constitution in light of *Melendez-Diaz*. *Aragon*, 2010-NMSC-008, ¶¶ 1-2. In *Aragon*, a chemical laboratory report was admitted into evidence through the testimony of an analyst who neither supervised the preparing analyst, participated in the analysis, nor prepared the report. *Id.* ¶ 5. Our Supreme Court concluded that the forensic report was testimonial in nature. *Id.* ¶ 14. Thus, under *Crawford v. Washington*, 541 U.S. 36 (2004), Defendant's Sixth Amendment right to confrontation was violated when the analyst who actually prepared the report did not testify. *Aragon*, 2010-NMSC-008, ¶ 19.

Similarly, in this case, Defendant did not have a meaningful opportunity to cross-examine the analyst who prepared the laboratory report. Mr. Mitkiff, the analyst who testified at trial, neither supervised nor participated in the analysis of the

evidence. In addition, he did not review or prepare the report that was offered into evidence. Under *Aragon*, Defendant's Sixth Amendment right to confrontation was violated. Moreover, the error was not harmless because it was the only evidence which proved that the substance tested was methamphetamine. *Cf. Aragon*, 2010-NMSC-008, ¶¶ 34-36 (holding that the admission of one laboratory report into evidence in violation of the defendant's Sixth Amendment confrontation right was harmless error where a second report was properly admitted into evidence, and the defendant was convicted on one count of drug possession).

Because we conclude that it was reversible error to admit the laboratory report into evidence, we do not reach Defendant's remaining arguments.

**CONCLUSION**

Defendant's conviction and sentence are vacated and this matter is remanded to the district court for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**ROBERT E. ROBLES, Judge**

4

_____
**TIMOTHY L. GARCIA, Judge**